1

2

3                                                                    O

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                      CENTRAL DISTRICT OF CALIFORNIA

10

11   OZUNA JESUS PALACIOS,          )   Case No. CV 08-05383 DDP
                                    )   Related to CR 07-00925 DDP
12                  Petitioner,     )
                                    )   ORDER STAYING PETITIONER'S MOTION
13        v.                        )   TO VACATE, SET ASIDE, OR CORRECT
                                    )   SENTENCE PURSUANT TO 28 U.S.C. §
14   UNITED STATES OF AMERICA,      )   2255
                                    )
15                  Respondent.     )   [Motion filed on August 15, 2008]
     _____)

16

17        The Court is issuing a stay to the motion at this time because

18   there may be issues that are raised in the Petitioner's motion that

19   are mooted by his appeal in the Ninth Circuit.[1]

20   _____

21        [1] While staying the motion at this time, the Court notes that
     Appellant may be procedurally barred from bringing a § 2255 motion
22   due to waiving his rights in his plea agreement.  Pursuant to the
     terms of the plea agreement, Appellant received a four level
23   downward departure for early disposition under U.S.S.G. § 5K3.1, in
     addition to three levels off for acceptance of responsibility under
24   U.S.S.G. § 3E1.1, which brought his total offense level down from
     24 to 17.  (Plea Agreement ¶ 11.)  In addition, the parties agreed
25   to sentencing on the low end of the range of offense level 17 and
     Appellant's criminal history category.  (Id. ¶ 12.)  In exchange,
26   Appellant agreed to, among other things, give up "the right to
     appeal any sentence imposed by the Court and the manner in which
27   the sentence is determined . . . [and] any right to bring a post-
     conviction collateral attack on the conviction or sentence, except
28   a post-conviction collateral attack based on a claim of ineffective
     assistance of counsel, a claim of newly discovered evidence, or an
     explicitly retroactive change in the applicable Sentencing
                                                         (continued...)

1    IT IS SO ORDERED.

2

3

4    Dated: March 10, 2009

_____

DEAN D. PREGERSON
United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22    _____

23         [1](...continued)
Guidelines, sentencing statutes, or statutes of conviction. (Id. ¶
24    19.)
          A defendant can waive his statutory right to file a § 2255
25    motion challenging the length of his sentence.  United States v.
Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).  "A defendant's waiver
26    of his appellate rights is enforceable if (1) the language of the
waiver encompasses his right to appeal on the grounds raised, and
27    (2) the waiver is knowingly and voluntarily made." United States v.
Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005).  Here, Appellant is
28    not arguing that the waiver was made unknowingly or involuntarily;
rather, he is simply requesting a downward departure.

2